UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:

BRUNO ONE, INC.,

    Debtor
_____

BRUNO ONE, INC.,

    Appellant,

v.

UNITED STATES TRUSTEE,

    Appellee.
_____/

Bankruptcy Case No: 8:19-bk-7927 CPM

Civil Case No. 8:19-cv-3006-T-24

## **ORDER**

This cause comes before the Court on Appellant's Motion for Stay During Pendency of Appeal. (Doc. No. 4). Appellee opposes the motion. (Doc. No. 9). Two other interested parties—the Chapter 7 Trustee and one of Appellant's creditors—also filed oppositions to the motion. (Doc. No. 8, 10). As explained below, the motion is denied.

**I. Background**

Debtor-Appellant Bruno One, Inc. owns and leases residential real estate. Appellant filed for bankruptcy under Chapter 11 on August 22, 2019. On August 23, 2019, the bankruptcy court issued an order directing Debtor to: (1) maintain insurance customary and appropriate to Debtor's business; and (2) file monthly operating reports. (Doc. No. 12-8). The order warned Debtor that failure to comply would constitute cause for dismissal or conversion of the case. (Doc. No. 12-8).

On September 12, 2019, Appellee United States Trustee filed a motion to dismiss or convert Debtor's bankruptcy case to one under Chapter 7, pursuant to 11 U.S.C. § 1112(b)(1). (Doc. No. 12-11). The Trustee argued that Debtor had failed to file documents required by the Bankruptcy Code and to comply with the bankruptcy court's notice of deficiencies.

Pursuant to § 1112(b)(1), the bankruptcy "court shall convert a case under [Chapter 11] to a case under [C]hapter 7 or dismiss a case under [Chapter 11], whichever is in the best interests of creditors and the estate, for cause unless the court determines that the appointment under section 1104(a) of a trustee or an examiner is in the best interests of creditors and the estate." Section 1112(b)(4) sets forth the types of actions that constitute cause, which include: (1) failure to maintain appropriate insurance, which poses a risk to the estate; and (2) failure to comply with an order of the bankruptcy court. 11 U.S.C. § 1112(b)(4)(C) & (E).

On October 10, 2019, the bankruptcy court held a hearing on the Trustee's motion. (Doc. No. 14). At the hearing, the Trustee explained to the bankruptcy court that Debtor did not obtain proper insurance for its real properties that would protect the bankruptcy estate, and Debtor's counsel acknowledged that fact. (Doc No. 14, p. 14-17, 22). The Trustee also stated that Debtor did not timely provide him with the required financial statements or an operating report for August, and Debtor's counsel acknowledged that he did not timely submit the documents. (Doc. No. 14, p. 22-25).

At the hearing, the bankruptcy court stated: (1) that Debtor had not complied with the rules of Chapter 11; (2) that Debtor filed its bankruptcy petition without the necessary information to prepare the required schedules; (3) that Debtor disregarded the bankruptcy court's order to obtain sufficient insurance; and (4) that Debtor did not have sufficient cash flow for a Chapter 11 case. (Doc. No. 14, p. 29-30). As a result, the bankruptcy court granted the

Trustee's motion, finding that it was in the best interest of the creditors and bankruptcy estate to convert the case to one under Chapter 7.  (Doc. No. 12-2).

Debtor moved for reconsideration.  (Doc. No. 12-36).  The bankruptcy court held a hearing on Debtor's motion on November 19, 2019. (Doc. No. 13).  At the hearing, the bankruptcy court found, among other things, that Debtor still had not obtained sufficient insurance on its real properties, which was necessary to protect the bankruptcy estate.  (Doc. No. 13, p. 11-12).  At the end of the hearing, the bankruptcy court stated that the failure to obtain sufficient insurance, alone, precluded the court from granting the motion for reconsideration and converting the case back to one under Chapter 11.  (Doc. No. 13, p. 42).  As a result, the bankruptcy court denied Debtor's motion.  (Doc. No. 12-4).

Debtor appealed the bankruptcy court's order granting the Trustee's motion to convert the case to Chapter 7, as well as the order denying Debtor's motion for reconsideration.  Debtor then filed a motion with the bankruptcy court to stay the bankruptcy proceedings pending the appeal in this Court.  The bankruptcy court held a hearing on that motion on January 9, 2020 and denied the motion.  (Doc. No. 11-3).

## II.  Motion to Stay the Bankruptcy Case

In the instant motion, Debtor asks this Court to stay the bankruptcy proceedings pending this appeal.  In ruling on this motion, the Court is cognizant of the following:

> To obtain a stay pending appeal under [Bankruptcy] Rule 8007, the movant must establish the following four factors: 1) that the movant is likely to prevail on the merits on appeal; 2) that absent a stay the movant will suffer irreparable damage; 3) that the adverse party will suffer no substantial harm from the issuance of the stay; and 4) that the public interest will be served by issuing the stay.  "The party requesting the stay must show satisfactory evidence on all four criteria."  "Ordinarily, the first factor is the most important," and requires a showing that success on the merits is "likely" or "probable.  Nevertheless, a stay may be issued "where the appellant

>demonstrates that his or her chances of success are merely substantial so long as a strong showing weighing heavily in the appellant's favor is made on the latter three elements."

Ramos v. Weatherford, 2015 WL 12765453, at *2 (M.D. Fla. July 16, 2015)(internal citations omitted). After considering the motion in connection with the standard set forth above, the Court finds that a stay is not warranted, because Debtor's chances of success in this appeal are not substantial. Pursuant to 11 U.S.C. § 1112(b)(1), the bankruptcy court could covert the case to one under Chapter 7 due to Debtor's failure to maintain sufficient insurance on its real properties and failure to comply with the bankruptcy court's orders directing Debtor to do so. Debtor does not dispute that it failed to maintain sufficient insurance. (Doc. No. 4, p. 20, ¶ 46). Therefore, Debtor is not entitled to a stay of the bankruptcy case.

### III.  Conclusion

Accordingly, it is ORDERED AND ADJUDGED that Appellant's Motion for Stay During Pendency of Appeal (Doc. No. 4) is **DENIED**.

DONE AND ORDERED at Tampa, Florida, this 2nd day of April, 2020.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record
The Honorable Catherine Peek McEwen